Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
      Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation, <br><br>         Plaintiff, <br><br>    v. <br><br> KENNETH BATTLEY, in his capacity as trustee for the bankruptcy Estate of Amy Jean Menerey, AMY JEAN MENEREY, DANIEL E. LIBBEY, in his capacity as personal representative of the Estate of Julie Menerey, SALLY FIELDER, MARK FIELDER, STACEY FIELDER, and JOHN and JANE DOE(s), <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No.3:06-CV-_____-___ ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff Allstate Indemnity Company, through its lawyers,

Bliss, Wilkens & Clayton, complains and alleges as follows:

I.    THE PARTIES

1.    Allstate Indemnity Company ("Allstate") is incorporated

and has its principal place of business in the State of Illinois. Allstate is authorized to conduct business in the State of Alaska and has fully complied with all statutory prerequisites for bringing this suit.

2.    Upon information and belief, Defendant Kenneth Battley was appointed trustee for the Chapter 7 bankruptcy estate of Amy Jean Menerey on July 25, 2002 In re Amy Jean Menerey, Case No. 02-740-DMD filed in the U.S. Bankruptcy Court, District of Alaska.

3.    Upon information and belief, Defendant Amy Jean Menerey was a resident of Alaska on December 14, 2001, but now resides in Wyoming.  She is the mother of Julie Menerey (DOB 3/22/85), who died on December 26, 2001 from injuries she sustained in a December 14, 2001 accident.

4.    Upon information and belief, on December 14, 2001, Julie Menerey was a resident of the State of Alaska.  On January 20, 2004, Daniel E. Libbey was appointed personal representative for the Estate of Julie Menerey In the Matter of the Estate of Julie Menerey, Case No. 3AN-04-44PR in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

5.    Upon information and belief, Defendant Sally Fielder is a resident of the State of Alaska.

6.    Defendants Mark and Stacey Fielder are the parents of Sally Fielder, and, upon information and belief, are residents of

the State of Alaska.

7.    Upon information and belief, Defendants John and Jane
Doe(s) are unknown persons who may have claims and/or liens
arising from the December 14, 2001 accident.

## II.  JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this
case pursuant to 28 U.S.C. § 1332(a)(1).

9.    Venue is proper pursuant to 28 U.S.C. § 1391(a).

## III.  GENERAL ALLEGATIONS

10.    Amy Menerey purchased an automobile policy from
Allstate with the policy period beginning October 20, 2001.  A
true and correct copy of Amy Menerey's policy No. 907184390 is
attached as **Exhibit A**.  Amy Menerey's policy included "Uninsured
and Underinsured Motorists Insurance - Coverage SS" (hereafter
"Coverage SS") in accord with the express terms, limitations and
conditions of the policy.  Coverage SS in Amy Menerey's policy
had limits of $50,000 per person, $100,000 per occurrence which
are construed in accord with Alaska law.

11.    On December 14, 2001, Julie Menerey was operating a
vehicle on the inside eastbound lane of the Parks Highway near
Wasilla, Alaska.  The vehicle was owned by Amy Menerey and
insured under Amy Menerey's policy with Allstate.  Julie's
friend, Sally Fielder was a passenger in the vehicle Julie was
operating.

12.   On December 14, 2001, Sally's nineteen-year-old boyfriend, Cody Hannaman, was operating a truck in the outside eastbound lane of the Parks Highway.  Julie's boyfriend, James Watts was a passenger in the truck Cody was operating.  Cody claims he was uninsured on December 14, 2001.

13.   On or about the time Julie's and Cody's vehicles were traveling alongside or near each other in the two eastbound lanes of the Parks Highway, Julie lost control of the vehicle she was operating and her vehicle slid into on-coming traffic, resulting in a collision with a third vehicle.  As a result of the collision, Sally Fielder and Julie Menerey were both injured. Julie Menerey died on December 26, 2001 as a result of the injuries she sustained in the collision.

14.   Amy Menerey voluntarily and unilaterally filed chapter 7 bankruptcy on July 25, 2002.  Kenneth Battley was appointed as the Chapter 7 trustee and may claim that any insurance proceeds claimed by Amy Menerey under Coverage SS are property of the bankruptcy estate.

15.   On May 1, 2006, Amy Menerey gave notice of an uninsured motorist ("UM") claim based on the assumption that Cody and the truck he was operating were uninsured and Cody Hannaman was negligent and a legal cause of the December 14, 2001 accident and Amy Menerey's alleged injuries.

16.   The Estate of Julie Menerey, Sally Fielder and Mark and Stacey Fielder have not given notice that they are asserting a UM

claim based on possible negligence by Cody Hannaman, despite inquiry by Allstate. However, these defendants, along with Amy Menerey, are potential competing claimants for the limits under Amy Menerey's Coverage SS. The potential claims are competing claims since certain claimants may seek to collect the same "per person" limits. The potential claims could exceed the "per occurrence" limit under Coverage SS, creating adversity among the various claims.

17. Despite inquiry by Allstate, Amy Menerey and Mark and Stacey Fielder have not substantiated the basis for any negligent infliction of emotional distress claim or "bodily injury" claim based on the conduct of Cody Hannaman.

18. Amy Menerey has not substantiated the basis for any medical payments claim as required under the "Automobile Medical Payments, Coverage CC" in her policy with Allstate.

19. While Amy Menerey gave notice to Allstate of a medical payments claim on May 1, 2006, Amy Menerey has not substantiated that any bodily injury she claims was sustained while she was "in, getting into or out of . . . an auto."

20. John and Jane Doe(s) are unknown persons who may have liens or claims as a result of the December 14, 2001 accident and the acts or omissions of Cody Hannaman.

<u>FIRST CAUSE OF ACTION</u>
(Rule 22 Interpleader)

21. Plaintiff incorporates by reference all allegations in paragraphs 1-20.

22.   The "stake" at issue is the policy limits under Coverage SS of Amy Menerey's policy in effect on December 14, 2001.

23.   Defendants should be required to (a) interplead in this proceeding; (b) make and substantiate any and all claims to the Coverage SS policy limits arising from the terms of the insurance contract and the December 14, 2001 accident; and (c) substantiate all elements of those claims consistent with Alaska law and the contract so that equitable and timely distribution of the stake is possible.

24.   After determination that interpleader is proper, Allstate is entitled to an order declaring the discharge of its liability under Coverage SS.

SECOND CAUSE OF ACTION
(Declaratory Relief Against All Interested Persons)

25.   Plaintiff incorporates by reference all allegations in paragraphs 1-24.

26.   Allstate is entitled to a declaration that the per occurrence "policy limits" as set forth in Coverage SS in Amy Menerey's policy is all that is payable and owing by Allstate to any interested party, including Defendants and any other claimant, lienholder, or assign, arising from the insurance contract and the December 14, 2001 accident.

27.   Allstate is entitled to a declaration that any interested person interplead in this proceeding and substantiate

their claims and that the Court order and declare that all claims not substantiated in this action are abandoned and waived.

28.  Allstate is entitled to an order declaring that no future claims can be asserted by any Defendant or any other party against Allstate for payment under Coverage SS arising from the insurance contract and the December 14, 2001 accident.

THIRD CAUSE OF ACTION
(Declaratory Relief Against Amy Menerey)

29.  Plaintiff incorporates by reference all allegations in paragraphs 1-28.

30.  Allstate is entitled to a declaration that Amy Menerey is not "a person insured" entitled to coverage under "Automobile Medical Payments, Coverage CC," since any bodily injury she allegedly sustained did not occur while Amy Menerey was "in, getting into or out of, or when struck by, an auto . . . ."

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    That the Court require that any interested person interplead in this proceeding and substantiate their claims and that the Court order and declare that all claims not substantiated in this action are abandoned and waived;

2.    For the Court's timely and equitable distribution of the stake among all proper and valid uninsured motorist claimants who have substantiated the basis for their claims;

3.    For a declaration discharging Allstate from any obligation or liability under Coverage SS of the Menerey policy after a determination that interpleader is proper;

4.    For a declaration that the per occurrence "policy limits" as set forth in Coverage SS in the Menerey policy is the total amount that is payable by Allstate to Defendants and any party;

5.    For a declaration that Amy Menerey is not "a person insured" entitled to med pay under Coverage CC of her policy.

6.    For such other and further relief as the Court may deem just and equitable.

DATED this 18th day of May, 2006, at Anchorage, Alaska.


By:   s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK    99501
E-mail:   atc@bwclawyers.com
Phone: (907) 276-2999
Fax:    (907) 276-2956
[ABA No. 9111079]


N:\AKB\854\451\INTERPLEADER\COMPLAINT.doc


Complaint                                                     *Allstate v. Battley, et al.*
Page 8 of 8                                                    3:06-CV-_____-____